BARNETT v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term.  June 28, 1900.)

DOMESTIC CORPORATIONS—ACTION—PROOF—MATTERS OF RECORD—APPEAL AND ERROR.

Plaintiff sued defendant, a corporation, in the municipal court of New York City, and recovered judgment, though failing to show the jurisdiction of that court by proving that defendant was a domestic corporation with its principal place of business in New York City.  Held, that since these facts are matter of record, and cannot be answered or disputed, she can sustain her judgment by proving them in the appellate court.

Appeal from municipal court, borough of Manhattan, Eleventh district.

Action by Inetta Barnett against the Metropolitan Street-Railway Company.  From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before TRUAX, P. J., and SCOTT and DUGRO, JJ.

Henry A. Robinson, for appellant.

J. Baldwin Hands, for respondent.

PER CURIAM.  The brief of the appellant states that this appeal was taken in order to raise the point that there is no proof in the case that the defendant was at the time of the accident a domestic corporation, with its principal place of business in the city of New York, and that, therefore, the plaintiff has failed to show that the defendant was within the jurisdiction of the municipal court of New York. Since the appeal was taken, the plaintiff has served upon the defendant a notice that she would produce before this appellate term a certified copy of the certificate of incorporation of the defendant in order to support the judgment.  This the plaintiff had a right to do.  It may be that the court could take judicial notice of the fact that the defendant is a domestic corporation, and that its principal place of business is in the city of New York, but, in any event, it has frequently been held that an omission in proof of a matter of record may be supplied on appeal to sustain a judgment, when a record cannot be answered or changed.  Dunford v. Weaver, 84 N. Y. 445; Day v. Town of New Lots, 107 N. Y. 148, 13 N. E. 915; Dunham v. Townshend, 118 N. Y. 281, 23 N. E. 367.

Judgment appealed from is affirmed, with costs.

---

EUREKA STABLE CO. v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term.  June 28, 1900.)

EXPERT WITNESS—COMPETENCY—STRIKING OUT TESTIMONY.

In an action against defendant for negligently running into and injuring plaintiff's coach, a witness was allowed to answer the question: "What would you say to be the difference between the value of that coach at the time you saw it there that day, and after it left your shop,—after it had been repaired?"  On cross-examination he testified that he had no remembrance of the condition of the coach before the accident.  Held error to refuse to strike out his testimony as to value, since by his own evidence he was incompetent to tell how much the coach had been injured.

Appeal from city court of New York, general term.

Action by the Eureka Stable Company against the Metropolitan Street-Railway Company for injuries to plaintiff's coach. From a judgment in favor of plaintiff, defendant appeals. Modified.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

Henry A. Robinson, for appellant.

Holm & Smith, for respondent.

PER CURIAM. The witness Schildwachter, who had qualified as an expert, was asked, "What would you say to be the difference between the value of that coach at the time you saw it then, that day, and after it left your shop,—after it had been repaired?" To this question the defendant objected on the ground that it was "incompetent, irrelevant, and immaterial, as assuming facts not proved, and that it is a comparison, which is a question for the jury in this case." This objection was overruled, and the defendant duly excepted. On cross-examination the witness testified, in substance, that he had no particular remembrance of the condition of the carriage before the accident, and thereupon the defendant moved to strike out the evidence of the witness as to value, on the ground that it appeared that the witness was not able to state what the condition of the carriage was before the accident. This motion was denied, and the defendant duly excepted. This motion should have been granted. The witness, not knowing the condition of the carriage before the accident, was not able to tell how much it had been injured by the accident. But he had testified that he made certain repairs to the carriage, and the reasonable and fair value of the work he did was $158.70; and therefore the judgment will be reversed, and a new trial ordered, with costs to appellant to abide the event, unless the respondent consents to a reduction of the verdict to $158.70, in which event the judgment and order appealed from will be affirmed, without costs to either party in this court or in the general term of the city court.