PERINE v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. February 4, 1904.)

1. STREET RAILROADS—INJURY TO HORSE—EXPERT EVIDENCE AS TO VALUE.

A veterinary surgeon who examines a horse immediately after it is injured by a street car, and testifies that he could tell from such examination whether it was in a sound and healthy condition before the injury, is competent to testify as to its prior value, though he did not see it before the accident.

2. WITNESSES—CROSS-EXAMINATION.

In an action for injury to a horse by a street car, defendant's witness testified that he saw all that happened; and later, that the first thing he knew he heard the jingle of glass, and ran around and saw a horse, and the horse was a little tangled up. On cross-examination, plaintiff's attorney asked whether the witness had not seen the car strike the truck; where the wagon was, in reference to the switch; and whether he did not see the collision through the windows of the car. His answer showed that he adhered to his statement that the first he knew of the accident was hearing the glass jingle, and seeing the horse tangled up. *Held*, that a written statement made by the witness prior to the trial, offered by plaintiff, and showing that he had seen the car strike the truck, was not objectionable in evidence as in rebuttal of new matter called out on the cross-examination.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Alonzo J. Perine against the Interurban Street Railway Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and DAVIS, JJ.

Henry W. Goddard and William E. Weaver, for appellant.

Edward J. Krug, for respondent.

FREEDMAN, P. J. This is one of the ordinary actions against the street railway company for damages to personal property caused by the alleged negligence of the defendant. The plaintiff claimed damages for injuries to a horse by being struck by one of defendant's cars. The appellant asks for a reversal upon two grounds only:

First. That it was error to permit a veterinary surgeon, who treated the horse for its injuries, but who had never seen the horse prior to the time of the accident, to testify to its value before the accident. The witness testified that the horse was, immediately after the accident, taken to the New York Veterinary Hospital; that he then made a thorough examination of the animal, to ascertain its value, and found that the injuries complained of was the only trouble with him; that the horse was "a powerful, six year old, black horse, 16½ hands tall, stocky built, and perfectly sound up to the time of the accident, worth before the accident $300; and that he [the witness] could tell from such an examination whether the horse was in a good, sound, and healthy condition just before the injury was received." This testimony was competent. The case cited by the appellant (Eureka Stable Co. v. Railway Co., 32 Misc. Rep. 700, 65 N. Y. Supp. 509) is not in point. In that case it appeared that the witness was not able to state what the condi-

tion of the injured carriage was before the accident, and consequently was unable to testify to its value before the injury received to it.

The second point is an alleged error in the admission of a certain written statement made by one of defendant's witnesses. The defendant had called one Reynolds as a witness. He testified that he saw the accident. He said, "I saw all that happened." Later on in his testimony he said, "The first thing I knew, I heard the jingle of glass, and I ran around and I seen a horse, and the horse was a little tangled up," etc. Upon the cross-examination of the witness the plaintiff's attorney went more fully into the circumstances of the occurrence, and asked the witness "whether he saw the car strike the truck; where the wagon was, in reference to the switch; and whether he did not see the collision through the windows of the car," etc. His answers to these questions were such as showed that he adhered to his testimony that the first he knew of the accident was hearing the "glass jingle," and seeing the horse "tangled up." This matter, the defendant claimed, was new matter; and subsequently, when plaintiff offered in evidence a statement in writing made and signed by the witness prior to the trial, but soon after the accident, which statement contained statements contradictory to the testimony given on his cross-examination, and which showed that he had seen the car strike the truck, etc., the defendant objected to introduction of this statement, and now claims its admission was prejudicial error, sufficient to warrant the reversal of the judgment. The matter brought out was within the bounds of legitimate cross-examination. The defendant had placed a witness upon the stand who had testified that he saw the accident—"saw all that happened." He was a witness called by the defendant, and the plaintiff sought by his cross-examination to disclose the true facts of the case. He had a right to examine him as to how the accident occurred, and then to show by the prior made statement that his present version of the circumstances was contradictory to his previous statements regarding it; and this for the purpose of contradicting him. The defendant had opened the door for such examination. The cases cited by defendant have no application.

Judgment affirmed, with costs. All concur.